# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 5:10cr00040 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| **ALICE MOHLER,** ) | |
| ) | By: **Hon. James G. Welsh** |
| *Defendant* ) | **U.S. Magistrate Judge** |
| ) | |

This day came the United States, by counsel, and came also the defendant, in her own proper person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a written plea agreement, pursuant to which the defendant desired to waive her absolute right to grand jury presentment and to permit the filing of a criminal Information charging her with one count of making a materially false, fictitious and fraudulent statement or representation in a matter within jurisdiction of the executive branch of the government of the United States.

The court then received for filing the Information charging in **Count One** that on or about February 7, 2008 the defendant did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of government of the United States, to-wit: that on or about said date the defendant filled-out and submitted a continuing eligibility for Supplemental Security Income form to the Social Security Administration in which falsely represented that neither she nor a spouse living with her had been

self-employed or earned money from working since November 11, 2005, in violation of Title 18, United States Code, Section 1001(a)(2).

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and her counsel, an initial appearance, arraignment, waiver of indictment and a plea hearing were conducted before the undersigned on December 6, 2010. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Grayson A. Hoffman, Assistant United States Attorney. The defendant was at all times present in person and with her counsel, Andrea S. L. Harris, Assistant Federal Public Defender.

After the defendant was placed under oath, she stated that she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that her name is ALICE MINERVA MOHLER; she is sixty-five (65) years of age, and she has a high school education , plus two years of college. She represented that she can read, write and understand the English language without difficulty, that she has no medical condition, either physical or mental, which might interfere with her ability to fully understand and participate in the proceeding, that she is using no medication or drugs which might impair her ability to understand and participate in the proceeding, and that her mind is clear. The defendant's attorney then stated that she had no reservations about her client's competency either to waive grand jury indictment or to plead guilty to the charge contained in the one-count Information.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRY

The defendant testified that she had discussed the false statement charge set forth in the Information with her attorney, that she had previously received a copy of the proposed Information and had read it, that she fully understood the charge, and that she knew it charged her with a felony offense for which she could be sentenced to a significant term of imprisonment. She further testified that she knew she had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. She stated that she understood a grand jury might not find probable cause to believe she had committed the alleged offense, that a grand jury might not return an indictment against her on the charge, and that her waiver of indictment would mean that the charge in the Information would proceed as though she had been indicted. Upon further questioning, the defendant confirmed that no threats or promises had been made to induce her to waive grand jury indictment and that her decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that she had discussed with her client the issues related to a waiver of indictment on the offense charged in the Information, that her client fully understood her right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on her part.

After acknowledging her signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information formally charging the defendant with making a materially false statement to the Social Security Administration concerning her continuing eligibility

for Title XVI benefits as set forth in the Information was also filed and made a part of the record. In connection therewith, it was noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The defendant again acknowledged that she had received a copy of the Information and fully understood the charge against her. She stated that she had discussed the charge with her attorney and had been given enough time to do so. She stated that she understood the nature of the charge against her in the Information, and she specifically understood it charged a felony offense. *See* Rule 11(b)(1)(G). She testified that she had discussed any possible defenses with her attorney and that she had been given adequate time to prepare any defenses she might have to the charge. She stated that her decision to enter a plea of guilty to the charge had been made after consulting with her attorney and that she was fully satisfied with the services of her attorney.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for both parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to the charge alleged against her in the

Information [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in the Information [¶ A.1.]; the defendant's acknowledgment that she may be required to pay restitution, and that her assets may be subject to forfeiture [¶¶ A.1. and B.4.a.]; the defendant's express admission of her factual guilt to the offense charged in the Information [¶ A.1.]; the defendant's obligation to pay a $100.00 special assessment prior to entry of her guilty plea and the related restitution and assessment provision [¶¶ A.1. and B.4.a.]; the defendant's acknowledgment of certain enumerated trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the parties' express agreement that the 2010 edition of the Sentencing Guidelines manual applies to the defendant's conduct [¶ B.2.]; the defendant's agreement to make an initial restitution payment of not less than $500.00 prior to sentencing [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's monetary and related obligations, including the terms of her obligation to pay a mandatory assessment of $100.00 and to pay restitution of the entire scope of her criminal conduct [¶ B.4.a.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the defendant's express waiver of her right of direct appeal for any reason whatsoever [¶ C.1.]; the defendant's express waiver of her right to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2.]; the defendant's abandonment of any seized property [¶ C.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ C.3.]; the defendant's express acknowledgment that she had been effectively represented in this case [¶ E.3.]; the parties express acknowledgment that the executed written plea

5

agreement constituted a binding contractual understanding between the parties [¶ E.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)−(N) and 11(c)(1)−(3).

After which, the defendant was asked about her understanding of the terms of the agreement, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that her understanding was the same, and she further represented that she had reviewed each of the terms of the plea agreement with the defendant, and she was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in the Information, the defendant acknowledged that she understood the maximum statutory penalty for the conviction of the charged offense to be imprisonment for a term of five (5) years, a $250,000.00 fine, and a term of supervised release. *See* Rule 11(b)((H)-(I). In addition, the defendant acknowledged that she understood she would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution and may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after

the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw her guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and she knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C1.], the defendant expressly acknowledged that she understood that she was waiving all rights to appeal her conviction or any sentence which did not exceed the maximum penalty permitted by law. Likewise, pursuant to the terms of the plea agreement [¶ C.2.], she expressly acknowledged that she understood she was waiving all rights to challenge her conviction or her sentence in any post-conviction proceeding.

The procedural rights surrendered on her plea of guilty were also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt, her right at trial to see, to hear, to confront, and to have cross-examined all

witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense, her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense, and her right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the offense charged in Count One of the Information because she had in fact knowingly made the false statement and representation to the Social Security Administration as set forth in the Information.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, the government submitted a written proffer, which summarized the essential facts the government was prepared to prove at trial. The defendant and her counsel each represented that the statement fairly and accurately summarized the government's case. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding and was prepared to plead, the Information was then read; the defendant was then called-upon for her plea, and she entered a plea of GUILTY to Count One of the Information which alleged her violation of Title 18, United States Code, Section 1001(a)(2). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty, after an independent basis for the plea was established, the defendant was again addressed personally, and she reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the assistance of her attorney.

The defendant was then informed that acceptance of her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then admitted to bail on terms and conditions pending preparation of a pre-sentence report and acceptance of her guilty plea.

## GOVERNMENT'S EVIDENCE

The government's written statement setting forth the factual basis for the offense is incorporated herein by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 7 and Rule 11 hearings, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant fully understands her absolute right to Grand Jury presentment;

2. The defendant's waiver of her right to Grand Jury presentment was made knowingly, voluntarily, with the advice and assistance of counsel, not as the result of any threats, and not as the result of any promises or inducements other than what is set forth in the written plea agreement;

3. The defendant is fully competent and capable of waiving Grand Jury presentment and entering an informed plea to the charge set forth in Count One of the Information;

4. The defendant is fully aware both of the nature of the charge set forth in the Information and of the consequences of her guilty plea to the charged felony offense

5. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)-(N)

6. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

7. The defendant's entry into the plea agreement and her tender of the plea of guilty were both made with the advice and assistance of counsel;

8. The defendant knowingly and voluntarily entered her plea of guilty to Count One of the Information;

9. The defendant's plea of guilty did not result from force, threats, inducements or promises other than those promises contained in the written plea agreement

10. The plea agreement complies with the requirements of Rule 11(c)(1); and

11. The evidence presents an independent basis in fact containing all essential elements of the offense to which the defendant has entered a plea of guilty.

**RECOMMENDED DISPOSITION**

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the offense charged in Count One of the Information, that she be adjudged guilty of the said offense, and that a sentencing hearing be set for February 24, 2011 at 10:00 a.m. before the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: 15th day of December 2010.

                                                *s/ James G. Welsh*
                                            United States Magistrate Judge